UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DONALD RAY LUCAS**
**ALL RESIDENTS AT HOUSE OF DELIVERANCE**                                            **PLAINTIFFS**

**v.**                                                                    **CIVIL ACTION NO. 3:06CV-461-S**

**LETHA STEWART**                                                                     **DEFENDANT**

### MEMORANDUM OPINION

  Plaintiff Donald Ray Lucas filed the instant *pro se* civil action on his own behalf and on behalf of all residents at House of Deliverance in Louisville, Kentucky. Lucas names Letha Stewart as the sole Defendant. Although unclear, it appears that Stewart runs and/or owns the House of Deliverance, a halfway house. Lucas claims that Stewart "did nothing but lie all the time all she ever wanted was money! Lights gas got turn[ed] off all the time no food sometimes stealing went on she did nothing about it." Lucas further claims, "on Dec 8, 2005, [Stewart] got my PO Mike Mccann to lock me up but then they didnt on Dec 26, 2005 I was blackmailed to go to Central State Hospital backed on her lies." Lucas alleges that Stewart "did this to all the guy's that lived there and still does this till this day![1] She is a wolf in sheep clothing." According to Lucas, Stewart "does nothing but black mail for your money [and commit] food stamp fraud." As relief, he seeks money in an unspecified amount and asks that Stewart "not be able to preach again! [and] that her half house be shut down due to all this fraud."

  Because Lucas is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court must dismiss a case if it determines that the action is frivolous or

---

[1] The docket sheet reveals that Plaintiff has changed his address twice since filing the complaint. It, thus, appears that he no longer resides at the House of Deliverance.

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, the Court concludes that the instant action must be dismissed.

### *All residents at House of Deliverance*

Title 28, United States Code, section 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage."  That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted).  "'That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law.'" *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005) (citation omitted).

For these reasons, Lucas, a layperson, cannot bring this action on behalf of "all residents of House of Deliverance."  Therefore, the claims asserted on behalf of the other residents will be dismissed without prejudice.

### *Plaintiff Lucas*

Lucas alleges that Defendant Stewart violated the First, Eighth, and Fourteenth Amendments to the United States Constitution.  He has failed to allege, however, much less demonstrate, any free speech or free exercise violation actionable under the First Amendment.  The Eighth Amendment prohibits cruel and unusual punishment and applies only to convicted

prisoners and is thus inapplicable in this circumstance. Finally, the Fourteenth Amendment protects against due process and equal protection violations, neither of which have been demonstrated here.

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), but "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And this Court is not required to create a claim for Lucas. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Lucas has failed to state a claim upon which relief may be granted, the complaint must be dismissed.[2] The Court will enter an Order consistent with this Memorandum Opinion.
Date:


cc:         Plaintiff Lucas, *pro se*
            Defendant
4411.005

---

[2]The Court notes that Plaintiff Lucas previously filed a civil suit against Defendant Stewart raising claims similar to those alleged here. *See* Civil Action No. 3:06CV-P220-S. In the prior action, the Court found that "based on the limited facts provided by Plaintiff, the Court, even under the most liberal construction of the complaint, can discern no action on the part of any Defendant which violates federal law."